Juan Jose Abrego et al v. Dole Food Company Inc et al Doc. 50

P-SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SCANNED

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-3606-RGK (Mcx) | Date | July 18, 2005 |
| Title | ***JUAN JOSE ABREGO, et al. v. DOLE FOOD COMPANY, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |

| | | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) PLAINTIFFS' MOTION TO REMAND (DE 33)**

## I. FACTUAL BACKGROUND

This lawsuit is brought by 950 Plaintiffs who allege injuries from the release of the chemical pesticide, 1, 2-dibromo-3 chloropropane ("DBCP") in banana plantations in Guatemala. Plaintiffs claim that they were exposed to DBCP fumes while working at banana plantations owned and managed by Del Monte Fresh Produce, Inc., Dole Food Company, Inc., Dole Fresh Fruit Company, and Chiquita Banana Brands Company.

Plaintiffs filed their complaint in State Court on April 22, 2005, and Defendant The Dow Chemical Company ("Dow Chemical") filed a notice of removal on May 13, 2005. Dow Chemical filed an amended notice of removal on May 24, 2005. On June 15, 2005, Plaintiffs filed their Motion to Remand, which is currently before this Court.

DOCKETED ON CM
JUL 18 2005
BY [illegible] 010

## II. JUDICIAL STANDARD

The Court may remand an action for lack of subject matter jurisdiction. 28 U.S.C. §1447(c). When considering a remand motion, federal courts are instructed to "strictly construe the removal statute against removal jurisdiction." *Gause v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Due to the "strong presumption" against removal jurisdiction, the defendant has the burden of establishing that removal was proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. DISCUSSION

Under the Class Action Fairness Act ("CAFA"), the federal courts have proper jurisdiction over mass action cases. CAFA officially defines a mass action as an action where 100 or more plaintiffs join claims "that involve common questions of law or fact," where the amount in controversy for each

50



Dockets.Justia.com

plaintiff exceeds $75,000, and where the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C.S. §1332 (d)(11)(A), (d)(11)(B)(i), (d)(6).

Plaintiffs argue that this action should not be remanded for the following reasons: (1) the claims do not involve a common question of law or fact, and (2) the case was removed under § 1332 and Dow Chemical has not shown that the amount in controversy exceeds $75,000 for each Plaintiff.

As to Plaintiffs' first argument, the Complaint alleges that the 950 plaintiffs incurred injuries from the same chemical, under the same circumstances. Plaintiffs themselves chose to join their causes of action in one Complaint. It is disingenuous for Plaintiffs to file as a joint action, and then assert otherwise.

As to Plaintiffs' second argument, the Ninth Circuit has found that "[w]here the complaint does not demand a dollar amount, the removing defendant bears the burden of providing by preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992).

Dow Chemical argues that, in this case, Plaintiffs bear the burden to prove that Defendant's removal was improvident. Dow Chemical points to language in CAFA's legislative history which illustrates Congress' intent to shift the burden of proof from defendants to plaintiffs in class and mass actions. Plaintiffs respond that there is no language in CAFA itself that supports this shifting of the burden. The Court agrees with Plaintiffs for the following reasons.

When "the language of a statute is clear, we look no further than that language in determining the statute's meaning." *United States v. Lewis*, 67 F.3d 255, 228 (9th Cir. 1995). For this reason, "[a] court looks to legislative history only if the statute is unclear." *Id.* at 229.

There is no language in CAFA to codify any Congressional intent to shift the burden from defendants to plaintiffs. *See* Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, 2005. In the absence of ambiguous statutory language, the canons of statutory construction do not require the Court to turn to Congressional intent to decipher the statute's meaning. This is especially true when, as here, there is long-established case law in this Circuit finding that the burden lies with a removing defendant to provide proof of the court's jurisdiction.

Dow Chemical argues that it should be allowed limited discovery to settle the amount in controversy issue. Dow Chemical proposes to serve each Plaintiff with a single request for admission, asking for an admission or denial as to the $75,000 damages amount.

The Ninth Circuit has endorsed the Fifth Circuit's approach where the jurisdictional amount is in question. *See Singer*,116 F.3d at 377 (citing *Allen v. R& H Oil & Gas Co.*, F.3d 1326 (5th Cir 1995); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). This approach allows a court to "'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer*, 116 F.3d at 377 (quoting *Allen*, F.3d at 1335-36). Therefore the Court finds that limited discovery is warranted in this case.

## IV. CONCLUSION

Based on the foregoing, the Court grants Dow Chemical 45 days from the date of this order to undergo limited discovery to determine whether the amount in controversy is met in this case and file a brief with the findings. Specifically, in order to meet CAFA's mass action requirement and defeat Plaintiffs' Motion to Remand, Dow Chemical must show that at least 100 plaintiffs seek damages exceeding $75,000. Failure by Dow Chemical to timely file its brief will result in an immediate remand of this action.

**IT IS SO ORDERED.**

:

Initials of Preparer slw